UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-21532-RAR

**GARLAND DUANE DAVIS**,

    Petitioner,

v.

**STATE OF FLORIDA**,

    Respondent.
_____/

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 on May 18, 2022 [ECF No. 1]. Petitioner, a pretrial detainee, is challenging the constitutionality of his current prosecution pending before the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida, Case No. F20-015526. Petitioner requests that the Court effectuate his "immediate release from custody" due to the unconstitutional nature of his confinement and prosecution. Petition at 1. Upon review of the Petition, the Court concludes that it must be **DISMISSED**.

A pretrial detainee may only challenge the constitutionality of their detention by filing a § 2241 petition. *See Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003) ("State pre-trial detention, for example, might violate the Constitution or the laws or treaties of the United States. . . . Such a prisoner would file an application for a writ of habeas corpus governed by § 2241 only."). Petitioner alleges three separate constitutional violations. First, Petitioner claims that he "was previously prosecuted for [the] same victim" in an earlier case, and that his present prosecution violates the Fifth Amendment's prohibition against double jeopardy. Petition at 1. Second, Petitioner alleges that his right to due process has been violated since "18 months have

elapsed since [his] arrest [on] 11/10/20" without a trial date being set. *Id.* Finally, Petitioner asserts that all his requests for a speedy trial have been improperly denied by the state court. *Id.*

This is not the first time Petitioner has sought relief from this Court regarding his state court prosecution. In fact, Petitioner admits that he previously filed a Petition for Writ of Habeas Corpus which was ultimately dismissed by the Honorable Beth Bloom. *See Davis v. Broward Cnty. Sherriff's Off.*, No. 21-cv-23771-BLOOM, 2021 WL 5014081 (S.D. Fla. Oct. 28, 2021). In this earlier filed petition, Petitioner alleged, *inter alia*, that "double jeopardy principles prohibit him from being 're-tried for the same victim,'" and that he was entitled to "expedited criminal proceedings." *Id.* at *1–2. Judge Bloom dismissed this petition without prejudice, reasoning that "[a]bsent extraordinary circumstances, if adjudicating a claim would interfere with a state's pending criminal prosecution, federal courts must abstain from doing so." *Id.* at *2 (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Judge Bloom also found that there was no applicable exception to the *Younger* abstention doctrine which would justify federal interference in the pending state prosecution. *See id.* at *3 ("Plaintiff has provided no sufficient reason for the Court to overlook principles of abstention.").

The Court agrees with Judge Bloom's well-reasoned order and finds that the same deficiencies she previously identified are still present in the instant Petition. A federal court must apply the *Younger* abstention doctrine when "(1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Turner v. Broward Sheriff's Off.*, 542 F. App'x 764, 766 (11th Cir. 2013). Since *Younger* "usually applies in cases involving criminal prosecution or the criminal justice system," abstention is clearly appropriate in this case. *Wexler v. Lepore*, 385 F.3d 1336, 1339 (11th Cir. 2004); *see also Davis*, 2021 WL 5014081, at *3 ("The specific challenges Plaintiff raises with respect to his state court

case implicate important state interests, and he may present his constitutional claims through the state court system.").

Of course, this Petition is not a carbon copy of the petition that was before Judge Bloom. Petitioner now alleges that he filed a petition for writ of habeas corpus in state court, but that this petition "was also struck [sic]" by the state court judge. Petition at 2. Although Petitioner does not say it, the implication seems to be that the state court has refused to entertain his constitutional challenges, so this Court must intervene. *See Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004) ("In *Younger*, the Supreme Court set out three exceptions to the abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) <u>there is no adequate state forum where the constitutional issues can be raised</u>." (emphasis added) (citing *Younger*, 401 U.S. at 45, 53–54)). Assuming Petitioner is making this argument, he has failed to allege—let alone show—that "state procedural law barred presentation of [his] claims." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987); *see also Pompey v. Broward Cnty.*, 95 F.3d 1543, 1551 (11th Cir. 1996) ("[F]or abstention purposes, whether a claim would likely be successful on the merits in the state court is not what matters. Instead, what matters is whether the plaintiff is <u>procedurally</u> prevented from raising his constitutional claims in the state courts[.]" (emphasis in original)). The "harm" Petitioner has allegedly suffered is that the state court rejected his constitutional claims as meritless; federal courts cannot (and should not) disregard *Younger* in order to act as a *de facto* appellate court. *See Duty Free Shop, Inc. v. Administracion de Terrenos de Puerto Rico*, 889 F.2d 1181, 1183 (1st Cir. 1989) (Breyer, J.) ("The fact that [state courts] may reject (or have rejected) arguments on the merits, however, does not mean those courts have deprived a plaintiff of the *opportunity* to make the argument."). In sum, the Court must decline to exercise its jurisdiction pursuant to the *Younger* abstention doctrine, as

all constitutional challenges to Petitioner's present prosecution can be capably handled by the state court system.[1]

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Petition for Writ of Habeas Corpus [ECF No. 1] is **DISMISSED without prejudice**. The Clerk is **DIRECTED** to include the Eleventh Judicial Circuit Court's docket in Case No. F20-015526 as part of the record. All pending motions are **DENIED as moot** and all deadlines are **TERMINATED**. The Clerk is instructed to **CLOSE** the case.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 20th day of May, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:

Garland Duane Davis
210120654
Miami-Dade County – Metro West
Inmate Mail/Parcels
13850 NW 41st Street
Miami, FL 33178
PRO SE

---

[1] Although not necessary for the disposition of this case, the Court takes judicial notice of the state court docket in Case No. F20-015526. *See* Fed. R. Evid. 201; *accord United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999) ("A court may take judicial notice of its own records and the records of inferior courts."); *see also* Petition at 1 (inviting the court to review the state court docket since it "proves that the defendant has requested speedy trial several times from the lower tribunal."). The docket reveals that: (1) Petitioner is currently represented by counsel and has been represented for nearly the entire pendency of his criminal prosecution; (2) despite having the benefit of counsel, Petitioner has filed innumerable *pro se* motions—which were undoubtedly stricken because Petitioner was represented by counsel, *see Sams v. State*, 849 So. 2d 1172, 1174 (Fla. 3d DCA 2003) ("Florida courts generally treat pro se motions by defendants who have representation as a nullity, having no legal force or effect." (internal citations omitted)); and (3) neither Petitioner nor his counsel have attempted to appeal the denial of these motions to a state appellate court. All of this leads the Court to comfortably conclude that, if the Petitioner's constitutional rights are truly in peril, the state court will provide an adequate forum to seek relief. *See Pennzoil*, 481 U.S. at 15 ("[A] federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.").

Noticing 2254 SAG Miami-Dade/Monroe
CrimAppMIA@MyFloridaLegal.com